James **RATHMELL**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–81–095–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 24, 1983.

Rehearing Denied March 31, 1983.

John J. Pichinson, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

James Rathmell was convicted of involuntary manslaughter by a jury, and the jury also assessed his punishment at imprisonment for two years. We affirm.

The evidence shows that on the evening of October 29, 1978, Devary Durrill was driving a Mustang in which Bonnie Watkins was a passenger. A car came up from behind the Mustang as though it was about to pass, then there was a loud noise, and the Mustang bounced into the air, flipped over and caught fire. A bystander, Clyde McClintock, rescued Miss Durrill, but was unable to pull Miss Watkins from the car. Mr. McClintock and his wife, who were the only witnesses to the collision, stated that the only other person at the scene was a six foot tall man wearing a dark colored suit. They saw the man standing beside a Lincoln Continental, the only other car at the scene. Because of their efforts to deal with the emergency, the McClintocks did not observe closely the man's face.

The autopsy of Miss Watkins showed that she died as a result of whole body burns. Reconstruction of the collision by a special police investigator, Sgt. Ermis, showed that just before the collision the Lincoln was travelling at a minimum of 44 mph on the shoulder of the road. The Mustang was not stationary, but the investigator could not determine its speed. From the absence of skid marks, Sgt. Ermis concluded that the brakes of the Lincoln were not applied before impact. Testing showed a 0.17% alcohol content in Rathmell's blood.

In his first ground of error, the appellant claims that it was error to admit his oral statements made at the scene. He contends that the statements were inadmissible because they were hearsay and because the police failed to provide him with the procedural safeguards required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and by Tex.Rev.Code Crim.Proc.Ann. art. 38.22 (Vernon Supp. 1982). The context in which the statements were obtained is illustrated by the following. A Corpus Christi police officer, Sgt. Gilbreth, who was patrolling the area travelled to the scene after he observed flames shooting up in the air. After attempting unsuccessfully to direct Miss Watkins to get out of the side of the car where there were no flames, Officer Gilbreth saw a man in a dark suit leaning against the Lincoln who had lacerations on his hands. That man was the defendant. The officer asked Mr. Rathmell whether he needed treatment and he said "No." Next, Officer Gilbreth asked whether the vehicle was his and the appellant said "Yes." In response to another question, the appellant stated that he was driving the Lincoln. Rathmell also stated that "if the bitches hadn't been parked there he never would have hit them." While the appellant was answering these questions, the police officer noticed that his eyes were bloodshot, his speech slurred, and that he smelled strongly of alcohol. Officer Gilbreth then directed the appellant to his patrol car, placed him under arrest and

administered the standard *Miranda* warning.

■ We can dispose of the hearsay contention summarily by noting that his statements were admissions, which are not hearsay. *Pinson v. State,* 598 S.W.2d 299, 303 (Tex.Cr.App.1980); *Russell v. State,* 598 S.W.2d 238, 254 (Tex.Cr.App.1980). Therefore, they were not admitted in violation of the hearsay rule.

■ The argument that the statements were inadmissible because no warning was given or tape recording made in compliance with Article 38.22 requires closer attention. This rule applies only to statements obtained as a result of custodial interrogation. *Miranda v. Arizona,* supra 384 U.S. at 444, 86 S.Ct. at 1612; Tex.Code Crim.Proc.Ann. art. 38.22 § 3(a) (Vernon Supp.1982). It is obvious that the statements were elicited in response to express questioning by Officer Gilbreth. Therefore, all that remains for us to decide is whether the appellant was in custody within the meaning of *Miranda* and Article 38.22.

■ The appellant was not under formal arrest when he answered the questions. It is not necessary that an accused be under formal arrest prior to the interrogation for *Miranda* rights to arise. *Ancira v. State,* 516 S.W.2d 924, 926 (Tex.Cr.App.1974). In order to decide whether a defendant is in custody, the courts have developed a test which employs four factors: 1) probable cause to arrest; 2) the subjective intent of police to hold a suspect; 3) subjective belief of a defendant as to the status of his freedom; and 4) whether or not the focus of the investigation has finally centered on the defendant. *Newberry v. State,* 552 S.W.2d 457, 461 (Tex.Cr.App.1977). If this test is not met the statements are admissible as responses to general on-the-scene questions, *Miranda v. Arizona,* supra 384 U.S. at 477, 86 S.Ct. at 1629; *Stewart v. State,* 587 S.W.2d 148, 152 (Tex.Cr.App.1979). The custody determination is made on a case by case basis. *Ancira v. State,* supra at 927.

■ In this case, there was no evidence of the subjective belief of the defendant about whether he was free to leave the scene. Since the officer had no information, except for his observation that appellant was hurt and standing close to a car which appeared to be involved in the collision, he did not have probable cause to arrest the appellant nor had the investigation focused on the appellant when he was asked the questions. The only remaining factor is the subjective intent of the police officer. Officer Gilbreth testified that he would not have allowed the appellant to leave the scene, because he was required to wait for the accident investigator. Tex. Rev.Civ.Stat.Ann. art. 6701d § 40 (Vernon 1977), requires that the driver of any vehicle involved in an accident resulting in injury to any person give information and render aid. This statute is clearly applicable to all drivers, even those who are blameless. We do not believe that the subjective intent of the police officer in enforcing this statute outweighs the other factors, thereby making this a custodial interrogation. Rather, this was a general investigation into an unsolved cause of a collision to which *Miranda* and Art. 38.22 do not apply.[1] The first ground of error is overruled.

■ In his second ground of error, appellant argues that the results of a blood test to which he voluntarily submitted were inadmissible because the State failed to lay proper a predicate. In addition to the blood test results, evidence of the appellant's inebriation was presented by three police officers. Where other competent evidence proves the same facts as evidence which is improperly admitted, no reversible error is presented. *Boles v. State,* 598 S.W.2d 274, 279 (Tex.Cr.App.1980). Even if we accept as true the appellant's contention that the State failed to lay a predicate for the introduction of the blood test, we would not reverse in light of the other evidence of Rathmell's inebriation. Ground of error two is overruled.

1. See *Guerrero v. State,* 605 S.W.2d 262, 265 (Tex.Cr.App.1980) (inquiry as to who was driving car held admissible because part of investigatory stage).

The third ground of error contends that there is insufficient evidence to establish that the appellant operated the motor vehicle. The record shows that it was his car; the McClintocks saw a man resembling him standing by the car; they saw no one else in the vicinity; and he admitted that he was driving. We find the evidence sufficient to show that the appellant was the driver and we overrule the third ground of error.

The fourth ground of error maintains that there was insufficient evidence of Rathmell's intoxication. As we have stated above, there were three witnesses whose observations of the appellant's drunken state were introduced into evidence. The fourth ground of error is overruled.

Appellant next argues that the evidence was insufficient to establish that his conduct caused the death of the victim. More specifically, he claims that the State failed to prove that the fire which killed Miss Watkins was caused by him. There was testimony that the appellant's vehicle hit the rear end of the Mustang. The Mustang flipped in the air and almost instantaneously a fire began. We hold that this testimony was sufficient to establish causation. Appellant's fifth ground is overruled.

The sixth and seventh grounds of error complain of a failure to grant a mistrial after prejudicial remarks. One of the remarks made by the accident investigator was a reference to information that he had received that the Mustang was about to make a right turn. This would have explained why the Mustang was on the shoulder of the road rather than on the road itself. It does not lead to any inevitable conclusion that the girls were more or less at fault. Since the trial court instructed the jury to disregard the remark, which we do not believe was so clearly calculated as to inflame the minds of the jury, there was no reversible error in denying a mistrial. *Williams v. State,* 604 S.W.2d 146, 150 (Tex. Cr.App.1980).

The second remark alleged to be prejudicial was made by the medical examiner in response to a question about blood alcohol content. The Court again instructed the jury to disregard and set out the correct information in its charge. There was no reversible error.

In his final ground of error, the appellant complains of the trial court's failure to submit the charge of negligent homicide to the jury. *Ormsby v. State,* 600 S.W.2d 782 (Tex.Cr.App.1980), established that negligent homicide is a lesser included offense of involuntary manslaughter differing only in the mens rea requirement. If there is any evidence raising the issue that a lesser included offense may have been committed and a proper request has been made, refusal to charge the jury on that issue is reversible error. *Campbell v. State,* 614 S.W.2d 443, 445 (Tex.Cr.App.1981).

The appellant was charged with causing the death of an individual by operating a motor vehicle while intoxicated, a violation of Tex.Penal Code 19.05(a)(2) (Vernon 1974). *Ormsby* held that driving while intoxicated is recklessness per se. When the actor ought to be aware of the risk but through inattention fails to perceive it, he is negligent. Tex.Penal Code § 6.03(d) (Vernon 1974). If the record contains evidence that the appellant was not drunk and that he failed to perceive a risk, he was entitled to a charge on the offense of criminally negligent homicide.

There is evidence from appellant's friend that the appellant was not intoxicated. With regard to his failure to perceive a risk of which he should have been aware, the only evidence in the record was the testimony of Mrs. McClintock and Sgt. Ermis. The evidence shows that the appellant was driving on the shoulder of the road in excess of 44 mph and that he failed to apply his brakes before impact. Mrs. McClintock testified that she saw two headlights from one car and a third headlight from a car closely following the first. Sgt. Ermis confirmed that the appellant's lights were on. There was no evidence of any hills, dips or curves in the road which could have obstructed Rathmell's vision. We have come to the

same inescapable conclusion as did the Court of Criminal Appeals in *Aliff v. State*, 627 S.W.2d 166, 172 (Tex.Cr.App.1982), which held that the issue of negligence was not raised because the evidence shows only a conscious disregard of the risk. Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.