**Raul MATA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–94–00099–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 30, 2002.

is appealing his conviction of misdemeanor driving while intoxicated. We originally affirmed the trial court's judgment, concluding that the testimony of George McDougall regarding the range of Mata's blood alcohol concentration was scientifically reliable. *See Mata v. State,* 13 S.W.3d 1 (Tex.App.-San Antonio 1999), *rev'd,* 46 S.W.3d 902 (Tex.Crim.App.2001). The Court of Criminal Appeals granted Mata's petition for discretionary review to decide whether McDougall's testimony was sufficiently reliable to be admissible. *Mata v. State,* 46 S.W.3d 902, 907 (Tex. Crim.App.2001). The Court of Criminal Appeals held that the trial court abused its discretion in admitting that part of McDougall's testimony pertaining to the extrapolation of Mata's blood alcohol content. *See id.* at 917. The Court of Criminal Appeals remanded the cause to this court "for a determination of harm under Appellate Rule 44.2." *Id.* Accordingly, the only issue to be addressed on remand is whether the admission of McDougall's testimony was harmful error. Because we conclude that the admission of McDougall's testimony was harmless, we affirm the trial court's judgment.

## DISCUSSION

Rule 44.2(b) sets forth the standard for determining whether error is harmful in the criminal context. *See* TEX. R. APP. P. 44.2(b). Under that standard, we disregard any error that does not affect substantial rights. *See id.*

In addressing the issue of harm in the DWI context, we do not write on a clean slate. This court first addressed the harmless error analysis in *Hartman v. State,* 2 S.W.3d 490, 494 (Tex.App.-San Antonio 1999, pet. ref'd). In that case, we

George Scharmen, San Antonio, for Appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice and BILL M. WHITE, Justice.[1]

Opinion by CATHERINE STONE, Justice.

This appeal is on remand from the Court of Criminal Appeals. Raul Mata ("Mata")

---

1. Judge White was assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

noted, "because the jury was charged under both definitions of intoxication, and given the arresting officer's testimony as to Hartman's apparent intoxication at the time he was stopped, we find Hartman did not show he was harmed by the admission of McDougall's testimony." *Id.*

■ The reasoning in support of *Hartman* is based on the State's ability to plead alternative means or theories of an offense. When alternative theories of committing the same offense are submitted to the jury disjunctively, the jury properly returns a general verdict if there is sufficient evidence to support a conviction under any of the theories alleged. *See, e.g., Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim.App.1999); *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App.1991); *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim.App.1982). A general verdict is acceptable because neither the federal nor the state constitution requires a jury to reach a unanimous agreement on alternative factual theories offered by the State to support a conviction. *Kitchens*, 823 S.W.2d at 258; *Price v. State*, 59 S.W.3d 297, 300 (Tex.App.-Fort Worth 2001, no pet. h.).

Even in cases in which this court has held that the two means of committing the offense of driving while intoxicated should be submitted with separate instructions and verdict forms, we have refused to find error where the evidence is sufficient to support a finding of guilt under one of the theories. *See Reidweg v. State*, 981 S.W.2d 399, 404-05 (Tex. App.-San Antonio 1998, pet. denied); *Ray v. State*, 749 S.W.2d 939, 944 (Tex.App.-San Antonio 1988), *overruled sub silentio on other grounds, Atkinson v. State*, 923 S.W.2d 21, 23 (Tex.Crim.App.1996). We recognized the danger of a single verdict form in that the appellant "might have been convicted by a non-unanimous verdict, that is some of the jurors might have found that he committed the offense of driving while intoxicated by the loss of his facilities, and some might have found that he committed the offense of driving while intoxicated because his blood alcohol concentration was above the legal limit." *Ray*, 749 S.W.2d at 944. Nevertheless, in view of the existing precedent, we found the error did not require reversal because the evidence was sufficient to support the finding of guilt under one of the available theories. *Reidweg*, 981 S.W.2d at 405; *Ray*, 749 S.W.2d at 944.

■ In this case, the arresting officer testified that he stopped Mata after Mata failed to dim his headlights in response to the officer flashing his lights to notify Mata about the traffic violation. When the officer approached Mata to request his driver's license, the officer noted that Mata's breath smelled of alcohol. The officer stated that he found indications of intoxication based on an HGN test and other field sobriety tests. The officer also stated that Mata's speech was slurred. In addition to the arresting officer's testimony, the officer who administered the intoxilyzer testified that Mata's speech was slurred, Mata fell when he attempted to stand, and Mata was staggering and swaying as he walked to the room to take the test. Mata testified that he had been celebrating his birthday and had been drinking all day. He also testified that he had eaten during the day. Specifically, Mata testified that he drank 5-7 beers and 2-3 shots of tequila in an 8 hour period.

Although trial counsel vigorously cross-examined each of the officers, the jury could have found both officers' testimony credible. *See Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981) (jury free to accept or reject all or any part of the testimony of any witness). The evidence is sufficient to support a finding of

guilt under the theory that Mata did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into the body.

#### CONCLUSION

The jury was charged under both definitions of intoxication, and the evidence is sufficient to support a finding of guilt under the theory that Mata did not have the normal use of his mental or physical faculties by reason of introduction of alcohol into the body. Therefore, the admission of McDougall's testimony was harmless, and the trial court's judgment is affirmed.

WHITE, Justice, concurring.

I join the majority opinion with this note. The dissent states that "no evidence supported the theory of intoxication based on blood alcohol concentration." The record in this case is clear and uncontroverted that the defendant took two breath tests after his arrest and registered a blood alcohol content of .193 and .196 which is well in excess of the legal limit of .10.

HARDBERGER, Chief Justice, dissenting.

The majority finds that the admission of unreliable expert testimony is harmless error. I respectfully dissent.

The majority relies on precedent that allows an appellate court to disregard the erroneous admission of evidence supporting one definition of intoxication if sufficient evidence supports a second definition of intoxication. However, the existence of evidence to support the second definition does not mean that the jurors would have convicted Mata based on the second definition. If even one juror would not have convicted Mata in the absence of McDougall's testimony, the error in admitting that testimony necessarily affects Mata's substantial rights.

The decision by the Court of Criminal Appeals in *Mata* signals a need to re-examine existing precedent refusing to find harm when unreliable expert testimony is admitted based on the existence of evidence to support an alternative theory of the offense. Although the United States Supreme Court held that the federal constitution does not require the jury to reach a unanimous agreement on alternative factual theories, it also asserted:

> We do not, of course, suggest that jury instructions requiring increased specificity are not desirable, and in fact the Supreme Court of Arizona has itself recognized that separate verdict forms are useful in cases submitted to a jury on alternative theories of premeditated and felony murder. We hold only that the Constitution did not command such a practice on the facts of this case.

*Schad v. Arizona*, 501 U.S. 624, 645, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). In view of the emphasis and confidence a jury places on an expert's testimony, law has developed over the past decade requiring trial courts to determine the admissibility of that testimony under heightened standards. *See Kelly v. State*, 824 S.W.2d 568 (Tex.Crim.App.1992); *see also Mata v. State*, 46 S.W.3d 902, 910 (Tex.Crim.App. 2001) (taking judicial notice of scientific literature not presented by either party at trial or on appeal to determine reliability of expert testimony). Given this developing law and the inherent difficulties with extrapolation testimony, the courts need to rethink whether error is harmless if it enables a jury to find a defendant guilty based on unreliable expert testimony.

In *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex.2000), the Texas Supreme Court re-examined harm in the context of broad-form submission. In that case, the trial court submitted a single broad-form

question on the issue of the defendant's liability to the plaintiff. *Casteel,* 22 S.W.3d at 387. The jury was instructed on thirteen independent grounds for liability; however, four of the thirteen theories were improperly submitted. *See id.* at 389. In rejecting the court of appeals' conclusion that the error was harmless, the Texas Supreme Court asserted:

> It is fundamental to our system of justice that parties have the right to be judged by a jury properly instructed in the law. Yet, when a jury bases a finding of liability on a single broad-form question that commingles invalid theories of liability with valid theories, the appellate court is often unable to determine the effect of this error. The best the court can do is determine that some evidence could have supported the jury's conclusion on a legally valid theory. To hold this error harmless would allow a defendant to be held liable without a judicial determination that a factfinder actually found that the defendant should be held liable on proper, legal grounds. Accordingly, we hold that when a trial court submits a single broad-form liability question incorporating multiple theories of liability, the error is harmful and a new trial is required when the appellate court cannot determine whether the jury based its verdict on an improperly submitted invalid theory.

*Id.* at 388. The Texas Supreme Court expressly disapproved of prior decisions holding that the error is harmless if any evidence supports a properly submitted liability theory. *Id.* at 389.

A similar analysis should be used in determining harm in this case. Because McDougall's testimony was unreliable, no evidence supported the theory of intoxication based on blood alcohol concentration, so it should not have been submitted to the jury. Because we cannot deter-

mine from our record which theory was the basis for the jury's verdict, the error is harmful and reversal is required. If the Texas Supreme Court is willing to re-examine harm in the context of broad-form submission in cases involving money judgments, the Texas Court of Criminal Appeals should be equally willing to re-examine the issue in cases involving a defendant's freedom.