**Raul MATA, Appellant**

v.

**THE STATE OF TEXAS**

**No. 0373–02.**

Court of Criminal Appeals of Texas.

Dec. 17, 2003.

George Scharmen, San Antonio, for Appellant.

Mary Beth Welsh, Asst. DA, San Antonio, Matthew Paul, State's Attorney, Austin, for State.

### *OPINION*

PER CURIAM.

Appellant was charged with misdemeanor DWI by having an alcohol concentration of at least 0.10 or by not having the normal

---

use of his mental and physical faculties by reason of the introduction of alcohol into his body. The jury entered a general verdict of guilty. Originally, the Fourth Court of Appeals affirmed the conviction. *Mata v. State*, 13 S.W.3d 1 (Tex.App.-San Antonio 1999, pet. granted). This Court found that the retrograde extrapolation testimony was unreliable and reversed and remanded for a harm analysis. *Mata v. State*, 46 S.W.3d 902 (Tex.Crim.App.2001).

On remand, the Court of Appeals found the admission of the retrograde extrapolation was harmless because the jury was charged on both theories of intoxication and the evidence was sufficient to support a finding that Appellant did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body. *Mata v. State*, 75 S.W.3d 499 (Tex.App.-San Antonio 2002). Appellant filed a petition for discretionary review claiming that the retrograde extrapolation testimony impacted the jury and there was no assurance that the general verdict was based solely upon the properly admitted evidence.

After Appellant's petition for discretionary review was filed, the Fourth Court of Appeals found the admission of retrograde extrapolation testimony harmful in a case with similar facts. *See Bagheri v. State*, 87 S.W.3d 657 (Tex.App.-San Antonio 2002). In *Bagheri*, the Fourth Court of Appeals held that it was impossible to determine which theory of intoxication the jury relied on when a general verdict was returned. This Court granted the State's petition for discretionary review in *Bagheri* to review the finding of harm.

In *Bagheri v. State*, 119 S.W.3d 755 (Tex.Crim.App., 2003), this Court affirmed the Court of Appeals' finding of harm because we could not say with fair assurance that the erroneous retrograde extrapolation testimony did not influence the jury.

When the Court of Appeals performed the harm analysis in *Mata*, it did not have the benefit of this Court's opinion in *Bagheri*. Accordingly, we grant Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand to that court for reconsideration of the harm analysis in light of our opinion in *Bagheri*.

Keller, P.J., dissents.