Affirmed and Majority and Concurring Opinions filed January 6, 2009








Affirmed and
Majority and Concurring
Opinions filed January 6, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00801-CR

____________

 

RASHUN TIONCHAE MOORE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 300th
District Court

Brazoria County, Texas

Trial Court Cause No. 53,173

 



 

C O N C U R R I N G   O P I N I O N

I respectfully concur.

Waiver of Objection to State=s Reopening (Fifth
Issue)








In addressing appellant=s fifth issue, the
court correctly determines that appellant waived error in his objection to the
State=s request to
reopen.  However, the majority mischaracterizes the waiver as appellant=s failure to
procure a ruling from the trial court. Appellant waived error by not lodging a
timely, contemporaneous objection, as evidenced in the following exchange
outside of the jury=s presence:

[STATE]:  Your Honor, I made a mistake.  I need to actually ask for the
exhibits to be admitted.  Will I have an opportunity to reopen just briefly for
that purpose?

[TRIAL JUDGE]:  I don=t know.  I was wondering what you were going to do there.  I=ll have to think about that.

[STATE]:  Yes, sir.

[TRIAL JUDGE]:  How much time on that argument?

[DEFENSE COUNSEL]:  Judge, I=d ask forCjust to be on the safe side.  I would ask for 25 minutes.  This is the
heart of the case, Judge, the punishment.

Neither
party nor the trial judge made any other reference to the State=s request to
reopen until the State renewed its request, in the jury=s presence, in the
following exchange:

[STATE]:  Your Honor, the State asks the court to
reopen.

[TRIAL JUDGE]:  Granted.  You may reopen.

[DEFENSE COUNSEL]:  The defense objects.

[STATE]:  The State tenders and offers State=s Exhibit 15, 16, 17, 18, 19, 20,
21, 22, 23, 24, 25, 26, 27, 28, 29.

[DEFENSE COUNSEL]:  We have an objection.  We have no other objection,
other than our previous objection to the court allowing the State to reopen.

[TRIAL JUDGE]:  They are admitted.








To preserve a complaint for appellate review, a party must
make a timely request, objection, or motion with sufficient specificity to
apprise the trial court of the complaint.[1]  
To be timely, an objection must have been raised at the earliest opportunity.[2] 
Appellant did not lodge any objection to the State=s request to
reopen until the State twice made its request of the trial court and the trial
judge already had ruled on the State=s request;
therefore, appellant waived any error on this issue.[3]


Trial Court=s Response to Jury=s Request for
Further Instructions (Sixth Issue)

In appellant=s sixth issue, the
court, relying on Word v. State, 206 S.W.3d 646, 649 (Tex. Crim. App.
2006), determines that appellant has procedurally defaulted on his complaint 
that the trial court=s response to the jury=s question was
improper.  Though the facts of this case are exceedingly similar to those in Word,
this case is factually distinguishable.  Unlike the trial court=s response
in Word, the trial court=s response to the
jury=s query in this
case does not amount to an additional instruction, as the majority implies.

Generally, a trial court commits reversible error if it
gives an additional instruction to the jury without complying with the
requirements of article 36.27.[4] 
However, even if a trial court was not in compliance with the procedural
requirements of article 36.27 in responding to a jury=s question, when
the trial court=s communication with the jury does not
amount to an additional instruction, the trial court does not commit reversible
error.[5] 
Absent any harm, an appellant=s complaint regarding the trial court=s communications
with the jury should be overruled.[6]









A trial judge=s substantive
response to a jury=s question during deliberations amounts to
an additional or supplemental jury instruction.[7] 
However, a trial judge=s refusal to answer a jury=s question is not
deemed an additional instruction.[8]


As reflected in the record, the jury=s written question
and the trial judge=s written response are set forth below:

[JURY=S QUESTION]:  Would the sentences
on the 2 counts run concurrently?

[TRIAL JUDGE=S RESPONSE]: 

Members of the Jury:

    I cannot answer your question.

[signed by presiding judge]








The trial court=s response does
not contain a substantive answer to the jury=s question.[9] 
Nor does the trial judge=s communication provide new information to
the jury or pertain to the law of the offense or the facts of the case.[10] 
Rather, the judge refused to answer the jury=s question.[11] 
This refusal to answer the jury=s question does not constitute an
additional instruction.[12] 
When, as in this case, no additional instruction is communicated, even if the
trial judge did fail to comply with the requirements of article 36.27, his
communication to the jury does not constitute reversible error.[13]


Appellant argues that because the trial judge gave no
substantive answer to the jury=s query, appellant was harmed in that the
jury was left to speculate as to the legal effect of the possible punishment. 
However, appellant has provided no legal authority to support this contention. 
Therefore, he has failed to demonstrate that he was harmed by the trial court=s action.[14]


 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of Justices Anderson and Frost and Senior
Justice Hudson.* 
(Anderson, J., majority).

 

Publish C Tex. R. App. P. 47.2(b).









[1]  Tex. R. App. P. 33.1(a); Saldano v. State, 70 S.W.3d 873, 886B87 (Tex. Crim. App. 2002). 





[2]  King v. State,
953 S.W.2d 266, 268 (Tex. Crim. App. 1997). 





[3]  See Tex. R. App. P. 33.1(a). 





[4]  See Edwards v. State, 558 S.W.2d 452, 454 (Tex. Crim. App. 1977); Reidweg v.
State, 981 S.W.2d 399, 402 (Tex. App.CSan Antonio 1990, pet. ref=d) (op. on reh=g). 





[5]  McFarland v. State, 928 S.W.2d 482, 517B18 (Tex. Crim. App. 1996), overruled on other grounds by Mosley
v. State, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998); Reidweg, 981
S.W.2d at 402; see also Hudson v. State, 128 S.W.3d 367, 382 (Tex. App.CTexarkana 2004, no pet.).





[6]  See Tex. R. App. P. 44.2(b); Reidweg, 981 S.W.2d at 402.





[7]  See Daniell v. State, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993). 





[8]  See McFarland,
928 S.W.2d at 518; Reidweg, 981 S.W.2d at 402B03 (replying Ano@ to a deliberating jury=s question as to possible
punishment provided no new information to the jury and did not pertain to the
law in regard to the offense or the facts of prosecution, and, therefore, was
not an additional instruction requiring reversal).





[9]  See Daniell,
848 S.W.2d at 147.





[10]  See McFarland,
928 S.W.2d at 518; Reidweg, 981 S.W.2d at 402B03. 





[11]  See McFarland,
928 S.W.2d at 518 (replying Ano@ in response to jury=s request for a definition);
Reidweg, 981 S.W.2d at 402B03 (replying Ano@ in response to jury=s question as to punishment). 





[12]  See McFarland,
928 S.W.2d at 518; Reidweg, 981 S.W.2d at 402B03. 





[13]  See McFarland,
928 S.W.2d at 518.  





[14]  See Reidweg,
981 S.W.2d at 403.





*  Senior Justice J. Harvey Hudson sitting by
assignment.