**Rashun Tionchae MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–07–00801–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 6, 2009.

Tony Aninao, Houston, for Appellant.

David Bosserman, Angleton, for state.

Panel consists of Justices ANDERSON, FROST, and Senior Justice HUDSON.*

## MAJORITY OPINION

ANDERSON, Justice.

Rashun Tionchae Moore, appellant, entered a plea of "guilty" to the offenses of aggravated robbery and unlawful possession of a firearm by a felon. Tex. Penal Code Ann. §§ 29.03, 46.04 (Vernon 2003). The jury assessed appellant's punishment at thirty years' confinement in the Institu-

_____

* Senior Justice J. Harvey Hudson sitting by assignment.

tional Division of the Texas Department of Criminal Justice. In six issues, appellant argues (1) the trial court erred in failing to admonish him on the applicable range of punishment upon entering his guilty plea, (2) the trial court erred when it failed to advise him of the possible deportation consequences of his guilty plea in violation of his due process rights under the Texas Constitution, (3) the trial court erred when it failed to advise him of the possible deportation consequences of his guilty plea in violation of his due process rights under the United States Constitution, (4) the trial court erred by refusing to grant appellant's request for a mistrial, (5) the trial court erred by allowing the State to reopen its case after it rested in order to admit exhibits it had inadvertently forgotten to admit, and (6) the trial court erred in its response to the jury asking for further instruction during punishment phase deliberations. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

Appellant was charged with aggravated robbery and unlawful possession of a firearm by a felon. Appellant pled guilty to both charges. He also pled true to the enhancement paragraph. Before accepting his plea, the trial court admonished the defendant:

> THE COURT: Mr. Moore, you have just entered your plea of guilty to each count of the indictment. Before you did that, did you talk it over with your lawyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you understand that by entering your plea of guilty, the jury is probably going to find you guilty in [sic] each count?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that?
>
> THE DEFENDANT: Yes, sir.

> THE COURT: Are you being forced to do that?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: You're doing it freely and voluntarily, pleading guilty to each count of the indictment?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: After consulting with your lawyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand what's going on in these proceedings?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. It appears to me that the Defendant is competent and insisting in [sic] his plea of guilty. The Court accepts his plea of guilty to Count One and Two.

The trial court accepted appellant's plea. After a jury trial to assess punishment, appellant was sentenced to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

### DISCUSSION

**A. Did the trial court err in failing to admonish appellant on the applicable range of punishment upon entering his guilty plea?**

In his first issue, appellant contends the trial court erred in failing to admonish him on the applicable range of punishment upon entering his guilty plea. Appellant argues this error requires reversal without a harm analysis. We disagree and conclude appellant suffered no harm.

#### 1. Standard of Review

■■■ Before accepting a plea of guilty, the trial court must admonish a defendant of the range of punishment for the offense. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon 1989). Failure to admonish a defendant about the range of punishment before accepting a guilty plea is subject to

harmless error analysis under Texas Rule of Appellate Procedure 44.2(b). *Aguirre–Mata v. State,* 125 S.W.3d 473, 474 (Tex.Crim.App.2003). In conducting the harm analysis, we must disregard the error unless it affected appellant's substantial rights. Tex.R.App. P. 44.2(b); *Burnett v. State,* 88 S.W.3d 633, 637 (Tex.Crim.App. 2002). In the context of a guilty plea, an error affects substantial rights when, considering the record as a whole, we do not have a fair assurance that the defendant's decision to plead guilty would not have changed had the trial court properly admonished him. *Anderson v. State,* 182 S.W.3d 914, 919 (Tex.Crim.App.2006).

### 2. Analysis

■ Prior to accepting his plea, the trial court admonished appellant, but failed to admonish him on the range of punishment.[1] Appellant contends the trial court's error in failing to admonish him on the applicable range of punishment requires reversal without a harm analysis. In support of his position, appellant relies on the Supreme Court's opinion in *Boykin. See Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969) (holding that for a trial judge to accept a defendant's guilty plea without an affirmative showing that it was intelligent and voluntary violates the defendant's constitutional rights). We agree with the appellant that the trial court erred when it failed to admonish appellant regarding the range of punishment. However, the Texas Court of Criminal Appeals rejected *Boykin*'s applicability to article 26.13(a) admonishments, thus a harm analysis is necessary in this case. *See Aguirre–Mata,* 125 S.W.3d at 475–76, citing *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969) (holding the article 26.13(a) admonishments are not

constitutionally mandated, but rather are designed to assist the trial judge in making the determination that the guilty plea was voluntary).

In conducting a harm analysis, we must determine whether appellant's substantial rights were violated. The record reflects appellant was aware of the range of punishment for the offenses of aggravated robbery and unlawful possession of a firearm by a felon. During voir dire, the trial court read the complete punishment range to the jury during opening remarks. In addition to the State also disclosing the punishment range during voir dire, the State explained the punishment range to individual veniremen on three separate occasions. Furthermore, during appellant's voir dire, his counsel explained the range of punishment for aggravated robbery as well as the range for enhancement of the charges. Since the record reflects the applicable range of punishment was discussed, appellant's substantial rights were not violated by the trial court's error. *See Gardner v. State,* 164 S.W.3d 393, 397 (Tex.Crim.App.2005) (holding a record reflecting that the applicable range of punishment was discussed during voir dire is enough to dispel a claim that appellant's substantial rights were violated). Accordingly, we overrule appellant's first issue.

### B. Did the trial court violate appellant's due process rights when it failed to advise him of the possible deportation consequences of his guilty plea?

■ In issues two and three, appellant claims the trial court erred when it failed to advise him of the possible deportation consequences of his guilty plea in violation of his due process rights under the Texas Constitution and the United States Constitution. The admonishments in article 26.13(a) have not been held to be constitu-

---

1. *See* the factual section above for details on the trial court's admonishment of appellant.

tionally mandated, so we will conduct a nonconstitutional harm analysis. *See Aguirre–Mata,* 125 S.W.3d at 476, *citing, McCarthy,* 394 U.S. at 462, 89 S.Ct. at 1169. We conclude appellant suffered no harm.

### 1. Standard of Review

■ A nonconstitutional violation of article 26.13 is subject to a harm analysis under Texas Rules of Appellate Procedure 44.2(b). *Aguirre–Mata,* 125 S.W.3d at 473. In the context of a guilty plea, an error affects substantial rights when, considering the record as a whole, we do not have a fair assurance that the defendant's decision to plead guilty would not have changed had the trial court properly admonished him. *Anderson,* 182 S.W.3d at 919. When the trial court fails to admonish a defendant of the possible deportation consequences of his plea, three factors should be considered in the "fair assurance" analysis: (1) whether the defendant knew the consequences of his plea, (2) the strength of the evidence of guilt, and (3) the defendant's citizenship and immigration status. *Vannortrick v. State,* 227 S.W.3d 706, 712 (Tex.Crim.App.2007).

### 2. Analysis

■ In looking at the first factor, the record is silent on the immigration consequences of appellant's guilty plea. When the record is silent regarding the possible deportation consequences of a guilty plea, the court must infer appellant did not know the consequences of his plea regarding immigration. *Id.* at 710–11. Second, the strength or weakness of the evidence of guilt has little relevance when coupled with a finding that the appellant was not aware of the consequences of his plea. *Id.* at 713. Finally, we look to appellant's citizenship. When the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error. *Id.* at 709.

The record in this case reflects appellant is a United States citizen. During appellant's trial testimony, he stated he was born in Houston, Texas and had lived in Houston his entire life. Furthermore, the final page of State's exhibit 13, the pen packet for appellant's prior felony, sets out appellant's place of birth as "Texas." Since appellant is a United States citizen, we hold the trial court's failure to admonish appellant as to the deportation consequences of his plea harmless error. *See* U.S. Const. amend. XIV, § 1 (declaring persons born in the United States as citizens). Thus, we overrule issues two and three.

### C. Did the trial court abuse its discretion by refusing to grant appellant's request for a mistrial?

In issue four, appellant contends the trial court erred by refusing to grant a mistrial after the State introduced improper hearsay testimony. We hold the trial court's instruction to the jury to disregard cured any error.

### 1. Standard of Review

■ A trial court's denial of a motion for mistrial is reviewed for abuse of discretion. *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App.2004); *Wood v. State,* 18 S.W.3d 642, 648 (Tex.Crim.App.2000). A mistrial is appropriate only for "highly prejudicial and incurable errors." *Wood,* 18 S.W.3d at 648. It is a mechanism to end a proceeding when the trial court faces prejudicial error that makes continuance wasteful and futile. *Id.* When an appellant is not contesting the trial court's ruling on his objection, but rather the denial of a new trial, the denial should be upheld unless it falls outside the zone of reasonable disagreement. *Archie v. State,* 221 S.W.3d 695, 699 (Tex.Crim.App.2007); *see Ladd v.*

*State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999), *cert. denied,* 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000) (reviewing denial of a mistrial for abuse of discretion when improper question is asked and objection is sustained and instruction is given to jury to disregard). When the court has instructed the jury to disregard evidence or an improper statement, the jury is presumed to have followed the instruction. *See Hawkins,* 135 S.W.3d at 77. In determining whether a new trial nonetheless is mandated despite the instruction to disregard, we look at the facts and circumstances of the case to see if the trial court's instruction cured the presentation of objectionable matters before the jury. *See id.*

 Generally, a mistrial is only required when the improper evidence is "clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury." *Hinojosa v. State,* 4 S.W.3d 240, 253 (Tex.Crim.App.1999) (quoting *Gonzales v. State,* 685 S.W.2d 47, 48–49 (Tex.Crim.App.1985)). In analyzing whether the prejudicial event is so harmful that the case must be remanded to the trial court for further proceedings, we consider the following: (1) the prejudicial effect, (2) the curative measures taken, and (3) the certainty of conviction absent the prejudicial event. *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); *see Hawkins,* 135 S.W.3d at 77 (adopting *Mosley* factors to evaluate whether the trial court abused its discretion in denying a mistrial for improper argument).

### 2. Analysis

 Appellant contends the trial court erred by refusing to grant him a mistrial after the State, during its examination of one of its witnesses, questioned the witness about the condition of another inmate inside appellant's jail tank. During the questioning, the following exchange occurred:

Q: Other than the blisters on his face, what kind of injuries did Inmate Williams suffer?

A: He had a stab wound on his-the side of his face or his ear; and I found out later, after finding the ballpoint pen, that he had been stabbed by the defendant.

[DEFENSE COUNSEL]: Objection, Your honor, to hearsay. He has no personal knowledge. The only way he could find that-discover that is from somebody telling him.

COURT: Sustained.

[DEFENSE COUNSEL]: Request an instruction to the jury to disregard the previous answer of the witness.

COURT: You're instructed, as Counsel asked, members of the jury.

[DEFENSE COUNSEL]: Request a mistrial for the record at this time.

COURT: Denied.

With respect to the first *Mosley* factor, we do not conclude the statement by the state's witness to be severe or highly prejudicial. Appellant contends the statement had a substantial and injurious effect on the jury's determination of appellant's sentence. He argues the prison sentence of thirty years is a direct result of the jury hearing the improper statement concerning appellant's violent behavior in the jail pending trial. We disagree. The jury heard ample testimony about appellant's violent behavior. First, the jury heard testimony from appellant himself, who admitted a prior conviction for committing an

assault on a public servant. Additionally, Edward Falks, a deputy jailer, testified appellant admitted throwing hot water on another inmate, causing severe burns, and threatened to burn another inmate. Because the jury heard other evidence of appellant's prior violent behavior, the one improper statement alone could not have had a significant prejudicial effect on appellant's sentence.

■ Second, we determine the curative measure employed by the trial court to be sufficient. In most cases, an instruction to disregard effectively cures any harm caused by improper testimony. *Hawkins,* 135 S.W.3d at 84. Furthermore, appellant makes no argument that the curative measure was not followed in this case. Accordingly, the second *Mosley* factor is met.

Lastly, the third prong, the certainty of conviction absent the prejudicial event, is not relevant in this case because the improper statement occurred during the punishment phase, after appellant had already been convicted. Thus appellant's fourth issue is overruled.

**D. Did the trial court err by allowing the State to reopen its case after it rested in order to admit exhibits it had inadvertently forgotten to admit?**

■ In his fifth issue, appellant contends the trial court erred by permitting the State to reopen its case after it rested in order to admit exhibits it had inadvertently forgotten to admit. Appellant waived any error by failing to get a ruling from the trial court.

After the State rested, but prior to the reading of the Court's charge and jury argument, the State moved to reopen in order to admit exhibits 15 through 29. After taking it under advisement, the court granted the request. Appellant argues the trial court committed reversible error by

allowing the State to reopen its case after it rested in order to admit exhibits it had overlooked. The relevant portion of the record is:

[PROSECUTOR]: Your Honor, the State asks the Court to reopen.

[COURT]: Granted. You may reopen.

[DEFENSE COUNSEL]: The defense objects.

[PROSECUTOR]: The State tenders and offers State's Exhibit 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29.

[DEFENSE COUNSEL]: We have an objection. We have no other objection other than our previous objection to the Court allowing the State to reopen.

THE COURT: They are admitted.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex.R.App. P. 33.1(a)(1). Furthermore, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or that complaining party must have objected to the trial court's refusal to rule. Tex.R.App. P. 33.1(a)(2); *Mendez v. State,* 138 S.W.3d 334, 338 (Tex.Crim.App.2004).

Here, appellant objected to the State's motion to reopen, but the trial court did not rule on appellant's objection. Appellant also failed to object to the trial court's refusal to rule. Accordingly, we hold appellant did not preserve this issue for our review. We overrule appellant's fifth issue.

**E. Did the trial court err in its response to the jury asking for further instruction during punishment phase deliberations?**

■ In his sixth issue, appellant contends the trial court erred in its response to the jury asking for further instruction during punishment phase deliberations. He urges the trial court erred in both procedure and substance, in violation of article 36.27 of the Texas Code of Criminal Procedure. Appellant waived any error by failing to object at trial.

The clerk's record contains a question the jury sent to the trial court during punishment phase deliberations. The question asks: "Would the sentences on the 2 counts run concurrently?" The trial court answered, "Members of the Jury: I cannot answer your question. [Judge presiding]." The record is otherwise silent on the procedures followed when the trial court responded to the jury question. The reporter's record contains no reference to the trial court responding to the jury question. Nor does anything in the record reflect that appellant objected to the trial court's answer to the jury's question. The record is also silent on when appellant became aware of these communications between the trial court and the jury.

Appellant claims for the first time on appeal that the trial court violated article 36.27 of the Texas Code of Criminal Procedure when the jury sent out a note for further instruction. Article 36.27 provides:

When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

Code Crim. Proc. Ann. art. 36.27 (Vernon 2006). Appellant argues the trial court's answer to the jury question constituted improper additional jury instructions which harmed him because it left the jury "entirely free to speculate as to the legal effect of the sentences they were going to impose." Appellant contends the record affirmatively shows the trial court did not comply with the provisions in the Code of Criminal Procedure because the record is silent. This conclusion is incorrect. The Court of Criminal Appeals has held that when a record is silent, a presumption exists that the trial court complied with the requirements of article 36.27. *Word v. State,* 206 S.W.3d 646, 649 (Tex.Crim.App. 2006). Based on this presumption, appellant has procedurally defaulted any claim that the trial court's answer to the jury question was improper, since nothing in the record shows that appellant objected to the answer. *Id.* Therefore, we overrule appellant's sixth and final issue.[2]

CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

---

2. Having waived the issue, appellant's contention that the trial court's answer to the jury question was improper in substance becomes moot.

FROST, Justice, concurring.

I respectfully concur.

**Waiver of Objection to State's Reopening (Fifth Issue)**

In addressing appellant's fifth issue, the court correctly determines that appellant waived error in his objection to the State's request to reopen. However, the majority mischaracterizes the waiver as appellant's failure to procure a ruling from the trial court. Appellant waived error by not lodging a timely, contemporaneous objection, as evidenced in the following exchange outside of the jury's presence:

> [STATE]: Your Honor, I made a mistake. I need to actually ask for the exhibits to be admitted. Will I have an opportunity to reopen just briefly for that purpose?
>
> [TRIAL JUDGE]: I don't know. I was wondering what you were going to do there. I'll have to think about that.
>
> [STATE]: Yes, sir.
>
> [TRIAL JUDGE]: How much time on that argument?
>
> [DEFENSE COUNSEL]: Judge, I'd ask for-just to be on the safe side. I would ask for 25 minutes. This is the heart of the case, Judge, the punishment.

Neither party nor the trial judge made any other reference to the State's request to reopen until the State renewed its request, in the jury's presence, in the following exchange:

> [STATE]: Your Honor, the State asks the court to reopen.
>
> [TRIAL JUDGE]: Granted. You may reopen.

> [DEFENSE COUNSEL]: The defense objects.
>
> [STATE]: The State tenders and offers State's Exhibit 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29.
>
> [DEFENSE COUNSEL]: We have an objection. We have no other objection, other than our previous objection to the court allowing the State to reopen.
>
> [TRIAL JUDGE]: They are admitted.

To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint.[1] To be timely, an objection must have been raised at the earliest opportunity.[2] Appellant did not lodge any objection to the State's request to reopen until the State twice made its request of the trial court and the trial judge already had ruled on the State's request; therefore, appellant waived any error on this issue.[3]

**Trial Court's Response to Jury's Request for Further Instructions (Sixth Issue)**

In appellant's sixth issue, the court, relying on *Word v. State*, 206 S.W.3d 646, 649 (Tex.Crim.App.2006), determines that appellant has procedurally defaulted on his complaint that the trial court's response to the jury's question was improper. Though the facts of this case are exceedingly similar to those in *Word*, this case is factually distinguishable. Unlike the trial court's response in *Word*, the trial court's response to the jury's query in this case does not amount to an additional instruction, as the majority implies.

---

1. Tex R.App. P. 33.1(a); *Saldano v. State,* 70 S.W.3d 873, 886–87 (Tex.Crim.App.2002).

2. *King v. State,* 953 S.W.2d 266, 268 (Tex. Crim.App.1997).

3. *See* Tex.R.App. P. 33.1(a).

Generally, a trial court commits reversible error if it gives an additional instruction to the jury without complying with the requirements of article 36.27.[4] However, even if a trial court was not in compliance with the procedural requirements of article 36.27 in responding to a jury's question, when the trial court's communication with the jury does not amount to an additional instruction, the trial court does not commit reversible error.[5] Absent any harm, an appellant's complaint regarding the trial court's communications with the jury should be overruled.[6]

A trial judge's substantive response to a jury's question during deliberations amounts to an additional or supplemental jury instruction.[7] However, a trial judge's refusal to answer a jury's question is not deemed an additional instruction.[8]

As reflected in the record, the jury's written question and the trial judge's written response are set forth below:

[JURY'S QUESTION]: Would the sentences on the 2 counts run concurrently?

[TRIAL JUDGE'S RESPONSE]:

Members of the Jury:

I cannot answer your question.

[Signed by presiding judge]

The trial court's response does not contain a substantive answer to the jury's question.[9] Nor does the trial judge's communication provide new information to the jury or pertain to the law of the offense or the facts of the case.[10] Rather, the judge refused to answer the jury's question.[11] This refusal to answer the jury's question does not constitute an additional instruction.[12] When, as in this case, no additional instruction is communicated, even if the trial judge did fail to comply with the requirements of article 36.27, his communication to the jury does not constitute reversible error.[13]

Appellant argues that because the trial judge gave no substantive answer to the jury's query, appellant was harmed in that the jury was left to speculate as to the legal effect of the possible punishment. However, appellant has provided no legal authority to support this contention. Therefore, he has failed to demonstrate that he was harmed by the trial court's

4. See Edwards v. State, 558 S.W.2d 452, 454 (Tex.Crim.App.1977); Reidweg v. State, 981 S.W.2d 399, 402 (Tex.App.-San Antonio 1998, pet. ref'd) (op. on reh'g).

5. McFarland v. State, 928 S.W.2d 482, 517–18 (Tex.Crim.App.1996), overruled on other grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex.Crim.App.1998); Reidweg, 981 S.W.2d at 402; see also Hudson v. State, 128 S.W.3d 367, 382 (Tex.App.-Texarkana 2004, no pet.).

6. See Tex.R.App. P. 44.2(b); Reidweg, 981 S.W.2d at 402.

7. See Daniell v. State, 848 S.W.2d 145, 147 (Tex.Crim.App.1993).

8. See McFarland, 928 S.W.2d at 518; Reidweg, 981 S.W.2d at 402–03 (replying "no" to a deliberating jury's question as to possible

punishment provided no new information to the jury and did not pertain to the law in regard to the offense or the facts of prosecution, and, therefore, was not an additional instruction requiring reversal).

9. See Daniell, 848 S.W.2d at 147.

10. See McFarland, 928 S.W.2d at 518; Reidweg, 981 S.W.2d at 402–03.

11. See McFarland, 928 S.W.2d at 518 (replying "no" in response to jury's request for a definition); Reidweg, 981 S.W.2d at 402–03 (replying "no" in response to jury's question as to punishment).

12. See McFarland, 928 S.W.2d at 518; Reidweg, 981 S.W.2d at 402–03.

13. See McFarland, 928 S.W.2d at 518.