COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-164-CR

 

 

SANTOS GARCIA                                                                              APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








In a
single point, Appellant Santos Garcia contends that the trial court failed to
admonish him of the range of punishment attached to the offense of manslaughter
and that this failure rendered his guilty plea involuntary.  The State concedes that the trial court
failed to admonish Garcia of the range of punishment as required by article
26.13(a)(1) of the code of criminal procedure. 
See Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp.
2009).  But the State argues that this
failure nonetheless did not affect Garcia=s
substantial rights because (1) Garcia was present in the courtroom while the
jury panel was being questioned and qualified regarding the range of punishment
for the offense, and (2) the State offered conclusive evidence of Garcia=s
guilt.

The
incident forming the basis of Garcia=s
prosecution occurred one afternoon when he was at a friend=s
home, pointed what he thought was an unloaded gun at this friend, and pulled
the trigger.  Garcia=s
friend died from the gunshot wound, and a grand jury indicted Garcia.  Garcia pleaded guilty to the offense of manslaughter,
and the State waived the other counts in Garcia=s
indictment.  The case proceeded to a
trial on punishment before a jury.  The
jury assessed punishment at twenty years= confinement.  The trial court sentenced Garcia accordingly.

The
admonishments under article 26.13(a) are not constitutionally required because
their purpose and function is to assist the trial court in making the
determination that a guilty plea is knowingly and voluntarily entered.  Aguirre-Mata v. State, 992 S.W.2d 495,
498B99
(Tex. Crim. App. 1999).  Thus, a trial
court commits nonconstitutional error when it fails to admonish a defendant of
one of the statutorily required admonishments. 
Id.; Carranza v. State, 980 S.W.2d 653, 655B56
(Tex. Crim. App. 1998).








With
nonconstitutional error, we apply rule 44.2(b) and disregard the error if it
did not affect Garcia=s substantial rights.  See Tex. R. App. P. 44.2(b); Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g),
cert. denied, 526 U.S. 1070 (1999); Coggeshall v. State, 961 S.W.2d
639, 642B43
(Tex. App.CFort
Worth 1998, pet. ref=d).  In making this determination, we review the
record as a whole.  Motilla v. State,
78 S.W.3d 352, 355 (Tex. Crim. App. 2002). 
Accordingly, in applying rule 44.2(b) to the failure to give an
admonition we must determine, by considering the record as a whole, whether we
have a fair assurance that the defendant=s
decision to plead guilty would not have changed had the trial court properly
admonished him.  Anderson v. State,
182 S.W.3d 914, 919 (Tex. Crim. App. 2006).













The
punishment range for the offense Garcia was charged withCmanslaughterCis
imprisonment for not more than twenty years nor less than two years and an
optional fine not to exceed $10,000.  See
Tex. Penal Code Ann. ' 12.33 (Vernon Supp. 2009), '
19.04(b) (Vernon 2003).  The record
reflects that Garcia had notice of this range of punishment because he was
present in the courtroom when the jury panel was questioned and qualified on
the range of punishment for the trial on punishment.[2]  After the jury was selected for the trial on
punishment, Garcia pleaded guilty in front of the jury.  No fine was assessed in this case.  Accordingly, the trial court=s
error in failing to admonish Garcia on the range of punishment did not affect
Garcia=s
substantial rights.  See Moore v. State,
278 S.W.3d 444, 447 (Tex. App.CHouston
[14th Dist.] 2009, no pet.) (holding failure to admonish on punishment range
did not affect defendant=s substantial rights when
defendant was present when punishment range was explained during voir dire); Stevens
v. State, 278 S.W.3d 826, 827B28
(Tex. App.CHouston
[14th Dist.] 2009, pet. ref=d)
(same); Gamble v. Sate, 199 S.W.3d 619, 622 (Tex. App.CWaco
2006, no pet.) (same); Slaughter v. Sate, No. 02-07-00050-CR, 2007 WL
3120688, at *6 (Tex. App.CFort Worth Oct. 25, 2007, no
pet.) (mem. op., not designated for publication) (same); see also
VanNortrick v. State, 227 S.W.3d 706, 712 (Tex. Crim. App. 2007) (holding
failure to admonish defendant of deportation consequences harmless when record
showed defendant was U.S. citizen); Singleton v. State, 986 S.W.2d 645,
651 (Tex. App.CEl
Paso 1998, pet. ref=d) (holding failure to
admonish as to possibility of fine not harmful when no fine was assessed).  Viewing the record as a whole, we have a fair
assurance that Garcia=s decision to plead guilty
would not have changed had the trial court properly admonished him on the range
of punishment.  See Anderson, 182
S.W.3d at 919; Gamble, 199 S.W.3d at 622.  Thus, we disregard the error.  See Tex. R. App. P. 44.2(b).

We
overrule Garcia=s sole point.  We affirm the trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL:
LIVINGSTON, C.J.;  DAUPHINOT and WALKER,
JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: April 22, 2010











[1]See Tex. R. App. P.
47.4.





[2]Both the prosecutor
and the defense attorney extensively questioned the veniremembers on whether
they understood and could consider the entire range of punishment.  In one place in the record, the prosecutor
states,

 

This is a second
degree.  The offense of manslaughter is a
second degree, and the penalty range that it carries is anywhere from two years
to twenty years in prison, anywhere from two years to twenty years in prison,
okay?

 

In another place in
the record, the defense attorney states,

 

Okay.  Now that we=ve had time to think
about [it], do you understand the range of punishment of anywhere as little as
two B TDC part, as little
as two and as much as twenty, after having thought about it, [cannot consider
the entire range].