# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 2-09-164-CR

SANTOS GARCIA                                                APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In a single point, Appellant Santos Garcia contends that the trial court failed to admonish him of the range of punishment attached to the offense of manslaughter and that this failure rendered his guilty plea involuntary. The State concedes that the trial court failed to admonish Garcia of the range of punishment as required by article 26.13(a)(1) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2009). But the State argues that this failure nonetheless

---

[1] *See* Tex. R. App. P. 47.4.

did not affect Garcia's substantial rights because (1) Garcia was present in the courtroom while the jury panel was being questioned and qualified regarding the range of punishment for the offense, and (2) the State offered conclusive evidence of Garcia's guilt.

The incident forming the basis of Garcia's prosecution occurred one afternoon when he was at a friend's home, pointed what he thought was an unloaded gun at this friend, and pulled the trigger. Garcia's friend died from the gunshot wound, and a grand jury indicted Garcia. Garcia pleaded guilty to the offense of manslaughter, and the State waived the other counts in Garcia's indictment. The case proceeded to a trial on punishment before a jury. The jury assessed punishment at twenty years' confinement. The trial court sentenced Garcia accordingly.

The admonishments under article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered. *Aguirre-Mata v. State*, 992 S.W.2d 495, 498–99 (Tex. Crim. App. 1999). Thus, a trial court commits nonconstitutional error when it fails to admonish a defendant of one of the statutorily required admonishments. *Id.*; *Carranza v. State*, 980 S.W.2d 653, 655–56 (Tex. Crim. App. 1998).

With nonconstitutional error, we apply rule 44.2(b) and disregard the error if it did not affect Garcia's substantial rights. *See* Tex. R. App. P. 44.2(b); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526

2

U.S. 1070 (1999); *Coggeshall v. State*, 961 S.W.2d 639, 642–43 (Tex. App.—Fort Worth 1998, pet. ref'd). In making this determination, we review the record as a whole. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). Accordingly, in applying rule 44.2(b) to the failure to give an admonition we must determine, by considering the record as a whole, whether we have a fair assurance that the defendant's decision to plead guilty would not have changed had the trial court properly admonished him. *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006).

The punishment range for the offense Garcia was charged with—manslaughter—is imprisonment for not more than twenty years nor less than two years and an optional fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2009), § 19.04(b) (Vernon 2003). The record reflects that Garcia had notice of this range of punishment because he was present in the courtroom when the jury panel was questioned and qualified on the range of punishment for the trial on punishment.[2] After the jury was selected for the trial on

---

[2]... Both the prosecutor and the defense attorney extensively questioned the veniremembers on whether they understood and could consider the entire range of punishment. In one place in the record, the prosecutor states,

> This is a second degree. The offense of manslaughter is a second degree, and the penalty range that it carries is anywhere from two years to twenty years in prison, anywhere from two years to twenty years in prison, okay?

3

punishment, Garcia pleaded guilty in front of the jury.  No fine was assessed in this case.  Accordingly, the trial court's error in failing to admonish Garcia on the range of punishment did not affect Garcia's substantial rights.  *See Moore v. State*, 278 S.W.3d 444, 447 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding failure to admonish on punishment range did not affect defendant's substantial rights when defendant was present when punishment range was explained during voir dire); *Stevens v. State*, 278 S.W.3d 826, 827–28 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (same); *Gamble v. Sate*, 199 S.W.3d 619, 622 (Tex. App.—Waco 2006, no pet.) (same); *Slaughter v. Sate*, No. 02-07-00050-CR, 2007 WL 3120688, at *6 (Tex. App.—Fort Worth Oct. 25, 2007, no pet.) (mem. op., not designated for publication) (same); *see also VanNortrick v. State*, 227 S.W.3d 706, 712 (Tex. Crim. App. 2007) (holding failure to admonish defendant of deportation consequences harmless when record showed defendant was U.S. citizen); *Singleton v. State*, 986 S.W.2d 645, 651 (Tex. App.—El Paso 1998, pet. ref'd) (holding failure to admonish as to possibility of fine not harmful when no fine was assessed).  Viewing the record as a whole, we have a fair assurance that Garcia's decision to plead guilty would not

---

In another place in the record, the defense attorney states,

> Okay.  Now that we've had time to think about [it], do you understand the range of punishment of anywhere as little as two – TDC part, as little as two and as much as twenty, after having thought about it, [cannot consider the entire range].

4

have changed had the trial court properly admonished him on the range of punishment.  *See Anderson*, 182 S.W.3d at 919; *Gamble*, 199 S.W.3d at 622.  Thus, we disregard the error.  *See* Tex. R. App. P. 44.2(b).

We overrule Garcia's sole point.  We affirm the trial court's judgment.

SUE WALKER<br>
JUSTICE

PANEL: LIVINGSTON, C.J.;  DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 22, 2010