02-09-292-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

NO. 2-09-292-CR

 

 


 
 
 SERGIO VALDEZ
 A/K/A SERGIO G. MARTINEZ
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 235TH
 DISTRICT COURT OF COOKE
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant Sergio Valdez, a/k/a Sergio
G. Martinez, pleaded guilty before a jury to possessing one or more but less
than four grams of cocaine with intent to deliver.  The jury assessed his punishment at fifteen
years’ confinement with a $5000 fine, and the trial court sentenced him accordingly.

          In a single point on appeal, Appellant
contends that the trial court erred by failing to admonish him on the range of
punishment and on the potential deportation consequences of his plea.  We affirm.

          On the day his case was called for
trial, Appellant informed the court that he intended to plead guilty.  The State concedes that although the trial
court gave Appellant some admonitions before seating the venire, those admonishments
did not address the range of punishment.

During
voir dire, however, the attorney for the State repeatedly explained that the
punishment range for the offense was between two and twenty years’ confinement
and that the sentence could be probated.[2]  Further, when Appellant’s counsel addressed
the venire, he also discussed these issues, explaining that “the law provides
for a range of penalty, minimum, two years; maximum, 20 years, and the
possibility of probation.”  Finally, the
trial court interjected that the venire was obligated to keep an open mind
about the range of punishment and to consider that certain facts and circumstances
might justify probation whereas others could warrant imposing twenty years’
confinement.

When the
jury was seated, the State’s attorney read the indictment and Appellant entered
a plea of guilty.  The parties then
presented their cases on punishment.  The
first witness for the defense was Lupe Cano, Appellant’s sister-in-law.  During cross-examination, she revealed that
Appellant is not a U.S. citizen.  When
she had finished her testimony, the trial court excused the jury from the
courtroom and said, “I did not realize until I just heard the testimony that
the Defendant is a noncitizen; is that correct?”  The State’s attorney confirmed Appellant’s
noncitizen status, after which the following discussion took place:

THE COURT:  Okay. 
At this time, I’m going to admonish him.

 

Now, Mr. Valdez, you
understand or Mr. Martinez also known as Mr. Valdez, earlier – yesterday I
questioned you about your entering a plea of guilty.  You understand that?  And you understood, sir, did you not, that
you didn’t have to plead guilty; that you could have pled not guilty and gone
to the jury?  You understood that, did
you not?

 

THE DEFENDANT: (Moving head
up and down.)

 

THE COURT:  You’re shaking your head.  You’ll have to answer yes or no.

 

THE DEFENDANT:  Yes.

 

THE COURT:  Okay. 
And, Mr. Valdez, have you ever been accused of being mentally
incompetent in a court of law?

 

THE DEFENDANT:  No.

 

THE COURT:  Okay. 
And have you understood all your rights as your attorney has explained
them to you?

 

THE DEFENDANT:  Yes.

 

THE COURT:  And, again, you understood that you didn’t have
to plead guilty, that you could have pled not guilty or no contest,
correct?  

 

THE DEFENDANT:  Explain that to me.

 

THE COURT:  You understood that you did not have to plead
guilty, that you could have pled not guilty or no contest?  You understood that?  You’ll have to answer out.

 

THE DEFENDANT:  Yes.

 

THE COURT:  Okay. 
The Court has learned that – from the testimony that you’re not a
citizen.  As a noncitizen, you understand
that a finding of guilt could result in your deportation?  You’ll have to answer out.

 

THE DEFENDANT:  Yes.

 

THE COURT:  Could result in denial of your citizenship
application?

 

THE DEFENDANT:  Yes.

 

THE COURT:  It could result in the – that your reentry
into the United States could be denied if you ever left the country voluntarily.  Did you understand that?

 

THE DEFENDANT:  Yes.

 

THE COURT:  And, Mr. Powers, is that something you had
previously discussed with your client?

 

MR. POWERS [Counsel for
Appellant]:  At length, Your Honor,
yes.  And we have been in contact with
the immigration attorney and been trying to coordinate certain legal aspects
related to his defense because of this issue of noncitizenship and the pending
application for his visa.

 

THE COURT:  Okay. 
So you had admonished Mr. Valdez, Mr. Martinez prior to his entering his
plea of guilty of those consequences of entering a plea of guilty and a finding
of guilt?

 

MR. POWERS:  Absolutely.

 

THE COURT:  Is that correct, Mr. Valdez Martinez?

 

THE DEFENDANT:  Yes.

 

Code of Criminal
Procedure article 26.13 requires that, prior to accepting a plea of guilty or
nolo contendere, the trial court shall admonish the defendant on the range of
punishment and the effect that a conviction might have on a non-citizen.  Tex. Code Crim. Proc. art. 26.13(a)(1), (4)
(Vernon Supp. 2009); Bessey v. State,
239 S.W.3d 809, 812 (Tex. Crim. App. 2007). 
Substantial compliance is sufficient unless the defendant affirmatively
shows that he was not aware of the consequences of his plea and that he was
misled or harmed by the court’s admonishment. 
Tex. Code Crim. Proc. art. 26.13 (c).

          Appellant claims that the trial court erred
by failing to admonish him regarding the range of punishment or the potential
deportation consequences of his guilty plea. 
Although appellant did not raise these claims with the trial court, complaints
that the trial court failed to issue proper admonishments may be raised for the
first time on appeal.  Bessey,
239 S.W.3d at 813.

          The State concedes that the trial
court did not properly admonish appellant as to the range of punishment and
that although the trial court did admonish him on the possible deportation
consequences of his plea, that admonishment was late in coming.  Nonetheless, the State contends, appellant
suffered no harm as a result because it is clear from the record that appellant
was well aware of the range of punishment as well as the potential deportation
consequences.  We agree.

          A trial court’s failure to give a
proper admonition is subject to a rule 44.2(b) harm analysis.  Id.  That rule states that:  “Any other [than constitutional] error,
defect, irregularity, or variance that does not affect substantial rights must
be disregarded.” Tex. R. App. P. 44.2(b); Bessey,
239 S.W.3d at 813 (footnote omitted).  In
applying Rule 44.2(b) to a failure to admonish, we consider the record as a
whole to determine whether, in the particular case, the error affected the
appellant’s substantial rights.  Bessey, 239 S.W.3d at 813; Anderson v. State, 182 S.W.3d 914, 918
(Tex. Crim. App. 2006).  If it did, it is
not harmless error.  Bessey, 239 S.W.3d at 813.

A
defendant is deemed to have notice of the punishment range, and the trial
court’s failure to admonish on the punishment range does not affect the
defendant’s substantial rights where the attorneys, with the defendant present,
explain the specific range of punishment to the venire during voir dire.  Garcia
v. State, No. 2-09-164-CR, 2010 WL 1633412 at *1 (Tex. App.–Fort Worth Apr.
22, 2010, no pet.) (mem. op., not designated for publication) (citing Moore v. State, 278 S.W.3d 444,
447 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (holding failure
to admonish on punishment range did not affect substantial rights when
defendant was present while attorneys explained punishment range to venire
during voir dire)); Stevens v. State,
278 S.W.3d 826, 827-28 (Tex. App.–Houston [14th Dist.] 2009, pet.
ref’d) (holding that when defendant testified that his attorney had informed
him of the punishment range, that he understood it, and where trial court and
defense counsel had explained the punishment range to the venire in defendant’s
presence, trial court’s failure to specifically admonish defendant as to the
punishment range was harmless); Slaughter
v. State, No. 2-07-050-CR, 2007 WL 3120688 at *6 (Tex. App.–Fort Worth Oct.
25, 2007, no pet.) (mem. op., not designated for publication) (holding failure
to admonish on punishment range harmless where attorneys for both sides explained
the issue during voir dire); Gamble v.
State, 199 S.W.3d 619, 622 (Tex. App.–Waco 2006, no pet.) (holding prosecutor’s
explaining punishment range to defendant at trial court’s direction and
attorneys’ discussion of punishment range during voir dire rendered harmless trial
court’s failure to admonish on punishment range); See Burnett v. State, 88 S.W.3d 633, 635, 640 (Tex. Crim. App.
2002) (holding where record was “replete with statements concerning the
applicable range of punishment,” trial court’s failure to admonish on the
issue, although clearly erroneous, was harmless).

          The record shows that the attorneys
for both sides thoroughly went over the punishment range with the venire during
voir dire in Appellant’s presence.  Appellant,
therefore, had notice of the punishment range before he entered his plea in
front of the jury.  Consequently, we hold
that the trial court’s failure to admonish Appellant on the punishment range
did not affect Appellant’s substantial rights and we disregard it.  See Tex.
R. App. P. 44.2(b); Burnett, 88
S.W.3d at 641; Moore, 278 S.W.3d at
447.

          The record also shows that Appellant
was well aware of the deportation consequences of his guilty plea before he
entered his plea.  Counsel for Appellant
reported to the trial court that he had discussed the immigration consequences
of Appellant’s plea with Appellant “at length” and that they had been working
with Appellant’s immigration attorney in handling the immigration issues
related to Appellant’s case.  Further,
Appellant agreed with the trial court that Appellant’s counsel had admonished
him prior to his entering a guilty plea.

          Considering the record as a whole, we
have fair assurance that no substantial right was affected by the trial court’s
error in failing to admonish Appellant regarding the range of punishment or the
potential deportation consequences.  See Bessey, 239 S.W.3d at 814.  By the standard of Rule 44.2(b), the error
was harmless.

          Having overruled Appellant’s sole
point on appeal, we affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 LEE GABRIEL

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 DAUPHINOT, 
 
 
 
 
 
 GARDNER, and 
 
 
 
 
 
 GABRIEL, JJ.

 

PUBLISH

 

DELIVERED:  September 16, 2010

 











[1]
See Tex. R. App. P. 47.4.





          [2]The
State asserts in its brief that the prosecutor repeated the top end of
punishment range––twenty years––over twenty times to various members of the
venire.  By our count, the prosecutor
mentioned the range of punishment twice and the maximum––twenty years––twenty-two
times.