COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| OSCAR TREJO, | § | |
| | | No. 08-12-00117-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 205th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20100D01573) |
| | § | |

## **O P I N I O N**

Appellant Oscar Trejo appeals his conviction for aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). In a single issue on appeal, Appellant contends the trial court erred by failing to comply with Article 36.27 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006). We affirm.

### PROCEDURAL AND FACTUAL BACKGROUND

Because Appellant does not challenge the sufficiency of the evidence, we recite only the relevant procedural and factual background. Appellant was charged with the offense of aggravated sexual assault alleged to have been committed on or about December 12, 2009. On January 27, 2011, after the jury began deliberations in the guilt-innocence phase of trial, the jury sent a number of notes to the trial court. In one note, the jury informed the trial court that there

was a 10 to 2 vote and that it felt there would be no change in opinion. The jury asked the trial court what the next step in the process was and requested that the trial court advise the jury. The trial court responded with a modified *Allen* charge[1] which read as follows:

LADIES AND GENTLEMEN OF THE JURY:

Your foreman has advised the Court in writing that you are apparently unable to reach a unanimous verdict.

If this jury, after a reasonable length of time, finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury.

The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be empanelled in the same way this jury has been empanelled, and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same as the questions confronting you and there is no reason to hope that the next jury will find those questions any easier to decide than you have found them.

With this additional instruction you are instructed to continue deliberations in an effort to arrive at a verdict which is acceptable to all members of the jury.

Both counsel for Appellant and the State signed off on the bottom of the supplemental charge which was filed with the court clerk at 4:15 p.m.[2] A little over three hours later, at 7:20 p.m., the jury returned its verdict of guilty. After Appellant requested that the jury be polled, the jury affirmatively answered that the verdict was his or hers.

The next day, as the jury deliberated in the punishment phase of trial, the jury sent the trial court a note at 5:19 p.m., which stated: "Judge [,] No where close to a decision. Looks like we will be here for a while." The trial court responded with a second modified *Allen* charge that was identical to the one used during the guilt-innocence phase of trial. The second supplemental

---

[1] An *Allen* charge is given to instruct a deadlocked jury to continue deliberating. *See Allen v. United States*, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
[2] It is undisputed that the court clerk did not record any portion of the proceedings relating to the *Allen* charge.

2

charge was not signed by the parties and was sent to the jury at 5:30 p.m.[3] Almost two hours later, at 7:25 p.m., the jury returned its verdict of fifteen years' imprisonment. The jury was subsequently polled and dismissed. The trial court then sentenced Appellant in accordance with the jury's verdict. This appeal followed.

## DISCUSSION

### *Allen* Charge

In his sole issue on appeal, Appellant contends the trial court erred by failing to record the *Allen* charge proceedings as required by Article 36.27. In response, the State argues Appellant has failed to preserve error to both his procedural and substantive complaints regarding the *Allen* charges. We agree with the State.

Article 36.27 of the Texas Code of Criminal Procedure sets forth the procedure a trial court must follow when communicating with a jury. *See* TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006). Under the statute, upon receiving a note from the jury, the trial court is required to use reasonable diligence to secure the attendance of defendant and his counsel, notify them of the jury note's contents, and submit the note and a proposed answer to them before giving the trial court's answer to the jury. *Id.* The trial court's written response to the jury's note must be read in open court unless expressly waived by the defendant. *Id.* In felony cases, the proceeding must be part of the record and recorded by the court reporter. *Id.* When a silent record is presented for our review, we presume the trial court complied with Article 36.27 in communicating with the jury. *See Word v. State*, 206 S.W.3d 646, 651 (Tex.Crim.App. 2006).

Appellant states that it is unknown whether his trial counsel objected to the *Allen* charges because the court reporter did not record the proceedings. Nonetheless, Appellant maintains it is

---

[3] The proceedings relating to the second *Allen* charge were not recorded by the court reporter.

likely that his trial counsel did object to those charges as he raised other objections during the course of the trial. As such, Appellant argues that the trial court's failure to record the Article 36.27 proceedings was reversible error that violated his right to a fair trial.

However, as correctly noted by the State, courts do not decide cases based on speculation about matters not shown in the record. *Green v. State*, 912 S.W.2d 189, 192 (Tex.Crim.App. 1995). Here, Appellant had the burden of presenting a record showing error requiring reversal due to a trial court's alleged error in communicating with the jury. *See Word*, 206 S.W.3d at 651-52. When a silent record is presented, a presumption that the trial court complied with the statutory requirements of Article 36.27 is created. *See Moore v. State*, 278 S.W.3d 444, 452 (Tex.App. – Houston [14th Dist.] 2009, no pet.). Absent a timely objection concerning the trial court's compliance with Article 36.27, nothing is preserved for appellate review. *See Word*, 206 S.W.3d at 652.

Although Appellant contends no defendant can ever win a situation where the trial court fails to record the *Allen* charge proceedings because there will never be any proof that an objection was made, a defendant can easily bring a court reporter's failure to transcribe Article 36.27 proceedings to the trial court's attention by way of a timely objection or a formal bill of exception. *See Byrd v. State*, No. 09-09-00463-CR, 2011 WL 3925565, at *2 (Tex.App. – Beaumont Aug. 24, 2011, pet. ref'd) (mem. op., not designated for publication); *Shackelford v. State*, No. 14-04-00633-CR, 2005 WL 2230227, at *2 (Tex.App. – Houston [14th Dist.] Sep. 13, 2005, pet. ref'd) (mem. op., not designated for publication).

The parties do not dispute that the Article 36.27 proceedings in this case were not recorded by the court reporter. Thus, we are presented with a silent record and there is nothing in the

record to show whether Appellant objected to the trial court's alleged failure to comply with the requirements of Article 36.27.

However, as to the first *Allen* charge the trial court sent to the jury during the guilt-innocence phase of trial, we observe that the record reflects Appellant did not object to the trial court's non-compliance with Article 36.27, because it indicates that Appellant agreed with the *Allen* charge as his trial counsel's signature appears on the bottom of the charge. Additionally, we note Appellant did not object about the trial court's alleged failure to comply with Article 36.27 once the case was back on the record during the announcement of the jury's guilt-innocence verdict. Similarly, with regard to the second *Allen* charge, Appellant failed to complain about the trial court's alleged failure to follow the requirements of Article 36.27 when the jury's verdict on punishment was announced.

The record further reflects that Appellant did not file a formal bill of exception at any time. Appellant also failed to raise an objection or complain about the trial court's alleged non-compliance with Article 36.27 during sentencing when the trial court asked him if there was any reason it should not enter and pronounce sentence at that time. Accordingly, because the record indicates Appellant did not raise any objections to the first modified *Allen* charge, but rather indicates Appellant agreed to that charge, and is silent as whether Appellant objected to the trial court's alleged failure to comply with Article 36.27's requirements in regard to the second modified *Allen* charge, Appellant has failed to preserve his complaint for review. *Word*, 206 S.W.3d at 652 (timely objection required to preserve complaint that trial court failed to comply with Article 36.27); *Byrd*, 2011 WL 3925565, at *2 (concluding appellant failed to preserve error that trial court erred by failing to comply with Article 36.27 where appellant did not file a bill of

5

exception and no objection appeared in the record); *Morales v. State*, No. 08-06-00067-CR, 2009 WL 223446, at *6-7 (Tex.App. – El Paso Jan. 30, 2009, pet. ref'd) (op., not designated for publication) (objection that trial court did not follow Article 36.27 is required to preserve error for appellate review). Issue One is overruled.

## CONCLUSION

Having overruled Appellant's sole issue on appeal, we affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

March 19, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

6