**Affirmed and Memorandum Opinion filed March 21, 2019.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00387-CR

_____

**STEPHEN ANDREW LINTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1241689**

## MEMORANDUM OPINION

Appellant Steven Andrew Linton pled guilty to possession with intent to deliver heroin, over 400 grams, without an agreed recommendation as to punishment. The trial court deferred adjudication and placed appellant on community supervision. Subsequently, the State filed a motion to adjudicate guilt. Following a hearing, the trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of

twenty-five years. Appellant asserts in one issue that the record fails to demonstrate that he was admonished as to the punishment range applicable to his plea of guilty or that he otherwise understood the direct consequences of that plea. We affirm.

## I. Background

On December 9, 2010, appellant pleaded guilty, without an agreed recommendation, to possession with intent to deliver heroin, over 400 grams. The range of punishment for this first-degree felony offense was imprisonment for life or between fifteen and ninety-nine years, and a fine not to exceed $250,000. *See* Tex. Health & Safety Code § 481.112(f). The trial court deferred adjudication and placed appellant on community supervision for six years.

The record reflects the State moved to adjudicate guilt based on appellant's failure to abide by several conditions of his community supervision.[1] After a hearing, the trial court found the appellant guilty of the charged offense and signed a judgment adjudicating guilt, sentencing appellant to twenty-five years in prison. From the May 7, 2018 judgment, appellant filed a timely notice of appeal.

## II. Analysis

In his sole issue, appellant contends the trial court abused its discretion by accepting appellant's guilty plea without properly admonishing him as to the consequences of the plea. Appellant argues that he "was not admonished in substantial compliance with article 26.13 of the Texas Code of Criminal Procedure

---

[1] Appellant's issues do not necessitate a discussion of the facts of the offense. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

in writing because his initials were "noticeably absent" alongside the range of punishments on the plea paperwork.

Article 26.13 requires a trial court to give certain admonishments, including the punishment range attached to the offense, before accepting a guilty plea. *See* Tex. Code Crim. Proc. art. 26.13(a)(1). The court may admonish the defendant orally or in writing. *See id.*, art. 26.13(d). If the admonishments are made in writing, the court must receive a statement signed by the defendant and his lawyer that the defendant understood the admonitions and was aware of the consequences of the guilty plea. *See id*.

Where the record reveals that the court gave statutory admonishments, it constitutes a *prima facie* showing that the defendant knowingly and voluntarily pleaded guilty. *Harrison v. State*, 688 S.W.2d 497, 499 (Tex. Crim. App. 1985); *see also Kirk v. State*, 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997, pet, ref'd). Following such a showing, the "burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed." *Id*.

Failure to admonish a defendant about the range of punishment before accepting a guilty plea is subject to harmless error analysis under Texas Rule of Appellate Procedure 44.2(b). *See* Tex. R. App. P. 44.2(b); *Aguirre–Mata v. State*, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003); *Moore v. State*, 278 S.W.3d 444, 447–48 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In conducting the harm analysis, we must disregard the error unless it affected appellant's substantial rights. Tex. R. App. P. 44.2(b); *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002). "In the context of a guilty plea, an error affects substantial rights when, considering the record as a whole, we do not have a fair assurance that the defendant's decision to plead guilty would not have changed had the trial court

3

properly admonished him." *Moore*, 278 S.W.3d at 448 (citing *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006)).

The clerk's record contains a five-page document entitled "FOR PLEA: ADMONISHMENTS, STATEMENTS AND WAIVERS/REV. 1-1-96 FOR OFFENSES SEPTEMBER 1, 1997 AND AFTER," which was signed by appellant, his attorney, the prosecutor, and the trial judge. Underneath the heading, "Admonishments," appellant wrote his initials "JL" next to a handwritten statement acknowledging the offense for which he was charged. A line was drawn over approximately two pages of punishment ranges that were inapplicable in this case. On page three of five, under "OTHER," the proper punishment range is handwritten as "a term of confinement in TDCJ-ID for not less than 15 years nor more than 99 years or life and a fine not to exceed $250,000.00." Appellant's initials do not appear in the space beside "OTHER" and range of punishment. Immediately following the range of punishment, appellant initialed every space beside every admonishment, including:

(2)    I understand the admonishments of the trial court set out herein;

(3)    I hereby WAIVE the right to have the trial court orally admonish me;

(4)    I WAIVE the right to have the court reporter record my plea;

…

(7)    I understand that if the Court grants me deferred adjudication…, I may be arrested and detained as provided by law.…If the Court determines that I violated a condition of probation,…the Court may assess my punishment within the full range of punishment for this offense.…

…

(9)    I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea;

4

> (12) Joined by counsel, I state that I understand the foregoing admonishments and I am aware of the consequences of my plea.…

The document as a whole is then signed by appellant, his attorney, and the presiding judge.

There is no requirement in article 26.13 that the defendant initial each written acknowledgement paragraph. *See* Tex. Code Crim. Proc. art. 26.13(d) (requiring the judge receive article 26.13(d) statement that is "signed" by defendant and his counsel); *see Armstrong v. State*, 911 S.W.2d 133, 135 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (holding requirement that judgment "receive" the article 26.13(d) statement is satisfied when the judge and the clerk file the statement).

Here, in addition to the signed document referenced above, the record also contains a two-page document entitled, "WAIVER OF CONSITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION," signed by appellant, his attorney, the prosecutor, and the trial judge. On page two of the document, appellant acknowledges that he was satisfied with his representation and had "fully discussed this case with [his attorney]." The trial judge signed a statement that "[a]fter [the court] admonished the defendant of the consequences of his plea, [the court] ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney." The record, therefore, reflects that the trial court properly admonished appellant as required by article 26.13(a). *See* Tex. Code Crim. Proc. art. 26.13(a).

Moreover, appellant does not allege any harm he suffered as a result of the trial court's purported failure to properly admonish him. *See* Tex. R. App. P. 44.2(b). The failure to admonish a defendant is not automatic reversible error and

is subject to harm analysis. *See Aguirre-Mata*, 992 S.W.2d at 474. The record contains references to the correct punishment range and there is nothing in the record that shows appellant was unaware of the consequences of his plea or that he was misled or harmed; therefore, even if the trial court erred, appellant's substantial rights were not violated. *Moore*, 278 S.W.3d at 448. As such, we find no abuse of discretion.

Appellant's issue is overruled.

### III. Conclusion

The judgment of the trial court is affirmed.


/s/      Margaret "Meg" Poissant
Justice


Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish—Tex. R. App. P. 47.2(b).